## Harris v. Cresko, etc.

*Fahey & Casper*, for plaintiff.
*Johnston & Pope*, for defendant.

PINOLA, J., March 31, 1952.—We have for consideration defendant's rule to show cause why the notation of the filing of a referee's report should not be stricken from the judgment index.

This case was referred under the Act of April 6, 1869, P. L. 725, commonly known as the Bradford County Act.

Following a hearing, the referee, who found for plaintiff, gave notice on December 3, 1951, of his intention to file the report in the office of the prothonotary on December 13, 1951. Thereafter defendant, on December 7, 1951, filed exceptions. These were overruled by the referee in a supplemental report which was filed with the original report on January 14, 1952. They will be heard at the next term of argument court.

The prothonotary noted the filing of the report on the judgment index. Defendant has asked that this notation be stricken off because the report does not constitute a lien against the property.

Plaintiff, on the other hand, contends that the referee's report is the equivalent of a verdict and operates as a lien against defendant's realty.

Section 4 of the Act of April 6, 1869, P. L. 725, provides, inter alia:

"The said referee shall state the facts found and the conclusions of law separately, and his decision shall be given and may be excepted to and reviewed in like manner as though tried by the court with a jury, but not otherwise; . . ."

And section 5 declares, inter alia:

"The report of the said referee upon the whole issue shall stand as the decision of the court, and judgment shall be entered in the same manner as if the action had been tried by the court before a jury; . . ."

By the Act of January 20, 1870, P. L. 85, the provisions of the Bradford County Act were extended to Wyoming and Susquehanna Counties. In section 2 thereof the prothonotary is directed to enter judgment upon the report of the referee upon the filing of the same and either party is given an opportunity to file exceptions thereto within 10 days.

The Act of March 23, 1870, P. L. 540, extending the provisions of the Bradford County Act to the Counties of Wayne and Luzerne, was supplemented by the Act of June 22, 1871, P. L. 1363, whose provisions are applicable only to Luzerne County and to the Mayor's Court of the City of Scranton.

Under the Act of 1869 the report of the referee on the facts was to be considered as a special verdict of a jury, and if sufficient as such a verdict, the Supreme Court, as a court of error, was only to determine whether the judgment was right. Under that act the court of common pleas had no power whatever to re-examine and pass upon the report of the referee. The Act of 1871 changed the procedure in Luzerne County and affords a remedy in this respect. It provides that exceptions may be filed in the court of common pleas "to findings of fact or law, and to the admission or rejection of testimony," and it is made the duty of that

court "to hear and decide upon all exceptions so filed 'to the report of the referee, reserving to the court, however, the power of committing the report again to the referee should justice require it'." Thus far the proceeding is conformed to the course of the common law upon a special verdict: Thornton v. Enterprise Insurance Co., 71 Pa. 234.

Section 2 of the Act of June 22, 1871, declares, in part:

"The provisions of the act to which this is a supplement, inconsistent herewith, shall be and the same are hereby repealed."

It is clear, therefore, that the report of the referee is simply a finding of the facts. It is not a general verdict. Under the Act of 1871 judgment is entered if no exceptions are filed. But, if exceptions are filed, judgment cannot be entered except by the court of common pleas after hearing upon the exceptions.

The Act of March 23, 1877, P. L. 34, 12 PS §861, does not apply. Section 1 provides:

" . . . whenever a verdict is rendered by a jury in any of the courts of common pleas . . . for any specific sum of money, in such case the verdict shall be a lien upon the real estate . . . of the party or parties against whom said verdict shall be rendered. . . ."

The referee's report is not "a verdict rendered by a jury," nor, as we have pointed out supra, is it the equivalent of such a verdict. "When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit": Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 51, 46 PS §551.

### Order

Now, March 31, 1952, the rule is made absolute and the prothonotary is directed to strike from the judgment index the notation of filing of the referee's report.